IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LYNNE KOBILKA,

       Plaintiff,

 v.

COTTONWOOD FINANCIAL
WISCONSIN, LLC, and KOHN LAW
FIRM, S.C.,

       Defendants.

OPINION AND ORDER

14-cv-268-wmc

---

  In this civil action, plaintiff Lynne Kobilka claims that Cottonwood Financial Wisconsin, LLC, and its law firm Kohn Law Firm, S.C. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq.*  Plaintiff also asserts claims under Wisconsin common law for abuse of process and under both Wisconsin and Minnesota common law for conversion.[1]  Because plaintiff's claims in this federal court are all inextricably intertwined with the parties' state court garnishment action, they are barred by the *Rooker-Feldman* doctrine.  Accordingly, the court will grant defendants' motion to dismiss. (Dkt. #3.)

---

[1] Plaintiff also asserted a due process claim pursuant to 42 U.S.C. § 1983, which the parties have stipulated to dismiss with prejudice following briefing of the motion to dismiss. (Dkt. #7.)

ALLEGATIONS OF FACT[2]

**A. The Parties**

Plaintiff Lynne Kobilka resides in St. Croix County, Wisconsin. She is also a "person" and "customer" as defined under Wis. Stat. §§ 421.301, a "consumer" as defined under 15 U.S.C. § 1692a(3), and a member of the "public" as defined in Wis. Stat. § 100.18.

Defendant Cottonwood Financial Wisconsin, LLC, is a limited liability company doing business under the trade name "Cash Store" and is engaged in the lending of money and subsequent collection of debt. Cottonwood is a "debt collector" as defined by Wis. Stat. § 427.103(3) and a "merchant" under Wis. Stat. § 421.301. At least when acing within the scope of their retention, Cottonwood is generally liable for the acts of its employees, agents and independent contractors.

Defendant Kohn Law Firm, SC, is a limited liability company, engaged in the collection of debt on behalf of others. Kohn Law Firm is also a "debt collector" and "merchant" as defined by Wis. Stat. § 421.301 and 15 U.S.C. § 1692a(3).

**B. The Loan**

On or about May 25, 2012, plaintiff contracted with Cottonwood for a short term loan of $1,020.00, which created a "closed-end" credit relationship between Cottonwood

---

[2] The court accepts as true all well-pled factual allegations in the complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), and views them in the light most favorable to plaintiff, as the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)).

and plaintiff, meaning that the loan and any applicable finance charges are expected to be repaid by a specific date.[3] The loan was intended to cover personal, family and household goods and services. Plaintiff signed a credit application agreeing to payments of $225.03 in 13 installments over six months. The loan arose from a "consumer transaction" as that term is defined by Wis. Stat. § 421.03, and plaintiff's obligation to repay Cottonwood constituted a consumer "debt" or "claim" under Wis. Stat. § 427.103. Kobilka made several payments under the plan and then stopped, prompting Cottonwood to declare the account in default.

### C. Default Judgment

Eventually, Cottonwood initiated suit against plaintiff in St. Croix County Circuit Court.[4] Kobilka was served with a copy of the summons and complaint, but failed to appear or timely answer. As a result, a default judgment was entered against plaintiff on May 21, 2013.

---

[3] More technically, "closed-end credit" has been defined by Regulation Z under the Federal Truth in Lending Act, 12 C.F.R. Part 226, as "consumer credit other than 'open-end credit,'" 12 C.F.R. § 226.2(10), which is in turn defined as "consumer credit extended . . . up to any limit set by the creditor" under a plan "in which: (i) [t]he creditor reasonably contemplates repeated transactions; (ii) [t]he creditor may impose from time to time on an outstanding unpaid balance; and (iii) [t]he amount of credit that may be extended during the term of the plan . . . is generally made available to the extent that any outstanding balance is repaid." 12 C.F.R. § 26.10(20).

[4] Plaintiff alleges that the summons and complaint failed to include all of the information and statements required by Wis. Stat. § 425.109, but this alleged error does not appear material to any of plaintiff's claims. Even if it were, any claim based on the sufficiency of this information would likely be intertwined with the state court judgment, and thus barred by the *Rooker-Feldman* doctrine for the same reasons as explained below.

**D. Garnishment Action**

At all times relevant to plaintiff's complaint, Kobilka was employed by GE Capital Retain Bank in Ramsey County, Minnesota. Acting on behalf of the creditor Cottonwood, the Kohn law firm served two separate Wisconsin earnings garnishment notices and related garnishment documents on plaintiff's employer in July of 2013. Defendants, however, had not filed a transcript of judgment in Ramsey County, Minnesota, before seeking garnishment as plaintiff contends is required under Wis. Stat. § 806.24. Plaintiff alleges that Cottonwood ultimately garnished plaintiff's paychecks in an amount that satisfied Cottonwood's judgment.

OPINION

Defendants contend that the court lacks subject matter jurisdiction over this action because of the *Rooker-Feldman* doctrine.[5] The *Rooker-Feldman* doctrine deprives this court of jurisdiction to review a state court decision. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine applies generally to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v.*

---

[5] Defendants also argue that even if subject matter jurisdiction exists, the court should abstain under the *Pullman* doctrine because of an appeal pending in the Wisconsin Court of Appeals, concerning the validity of extraterritorial earnings garnishment. (Defs.' Br. (dkt. #4) 10-11 (discussing *Midland Funding, LLC v. Mizinski*, No. 2014-AP-2422).) While the motion was pending, however, the Court of Appeals decided the *Midland Funding* case. (Not. of Suppl. Authority (dkt. #12); *id.*, Ex. 1 (dkt. #12-1).) *See also Midland Funding, LLC v. Mizinski*, 2014 WI App 82, 355 Wis. 2d 475, 854 N.W.2d 371.

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The reason underlying the doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

At the same time, the *Rooker-Feldman* doctrine "does not prevent state-court losers from presenting *independent* claims to a federal district court, even if the new claims involve questions related to those in the original state court proceedings." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) (emphasis added) (citing *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011)). "The determination of whether a federal claim is [independent or] 'inextricably intertwined' hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Brown*, 668 F.3d at 442.

Plaintiff's principal argument is that the garnishment action that she now seeks to challenge in federal court is sufficiently distinct from the underlying state default judgment so as to not require review of that judgment. (Pl.'s Opp'n (dkt. #8) 4.) On that much, the court is in agreement. Defendants' process of garnishing Kobilka's wages is sufficiently distinct from the underlying judgment as to not implicate the *Rooker-Feldman* doctrine. *See* Wis. Stat. §§ 812.01(2a), 812.32; *Paul Davis Restoration of S.E. Wis., Inc. v. Paul Davis Restoration of Ne. Wis.*, 2013 WI 49, ¶ 10, 347 Wis. 2d 614, 831 N.W.2d 413 ("We also note that it is well established that a garnishment action is an action independent of the judgment for which it seeks to recover payment and is

5

instituted separately according to statute."). Stated another way, Kobilka is not attempting to challenge or otherwise upend the state court judgment; rather, her complaint concerns defendants' actions executing on that judgment. *See, e.g.*, *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998) (reversing district court's application of *Rooker-Feldman* doctrine after finding that "post-judgment enforcement procedures" are not "inextricably intertwined" with the underlying state court judgment).

The question, however, remains whether plaintiff's challenges to defendants' efforts to execute on the judgment by bringing a state court garnishment action are *still* barred by the *Rooker-Feldman* doctrine. Plaintiff asserts a variety of state and federal constitutional, statutory (consumer protection), and common law claims *all* based on the theory that defendants were required to file a "transcript of judgment in Ramsey County, Minnesota" when garnishing wages "extraterritorially" -- which the court understands means using the Wisconsin legal system to garnish wages from an out-of-state (here, Minnesota) employer. (Compl. (dkt. #1) ¶¶ 41, 44-47, 57-58, 62, 66, 74.) Plaintiff's injuries are all based on defendants' claimed abuse of the Wisconsin legal system to garnish plaintiff's wages from a Minnesota employer. (*Id.* at ¶¶ 53, 72, 79; Prayer of Relief (b).)[6]

---

[6] Curiously given its theory, plaintiff mistakenly relies on Wis. Stat. § 806.24 in support of her legal claims. That statute -- Wisconsin's version of the Uniform Enforcement of Foreign Judgments Act ("UEFJA") -- governs the enforcement of a foreign judgment (e.g., a judgment from another state) in *this* state, and therefore, has no applicability to Kobilka's claim that defendants should have filed the Wisconsin judgment in Minnesota. And while Minnesota has its own UEFJA provision, *see* Minn. Stat. § 548.27, its application is uncertain at best given that defendants were not attempting to use the

Since this case was filed, the Wisconsin Court of Appeals has held that a judgment creditor may use the Wisconsin court system to seek garnishment of wages from a non-Wisconsin employer, named and served as garnishee, provided the court has personal jurisdiction over that employer. *Midland Funding, LLC v. Mizinski*, 2014 WI App 82, ¶ 19, 355 Wis. 2d 475, 854 N.W.2d 371.

In effect then, all of plaintiff's claims seek to relitigate the state court garnishment action, in which both Kobilka and her employer apparently waived or lost any assertion that the state court lacked personal jurisdiction over them or any other challenge Kobilka may have raised. Accordingly, this court cannot evaluate the relief plaintiff requests here -- disgorgement of all wrongfully garnished wages, among other requests for relief -- absent review of the state court's actions with respect to its garnishment of wages. *See Jung v. Cottonwood Fin. Wis., LLC.*, No. 14-cv-241-jdp, 2014 WL 4796756, at *4-5 (W.D. Wis. Sept. 26, 2014) (finding *Rooker-Feldman* bars federal lawsuit challenging state garnishment proceeding); *cf. Kelly v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008) (finding FDCPA claim barred by *Rooker-Feldman* because claims were not independent of state court's award of attorney's fees to debt collection agency).

Recently, the Seventh Circuit specifically affirmed dismissal on *Rooker-Feldman* grounds of an FDCPA claim on the basis that it sought to challenge an Indiana state-court garnishment order. *See Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014). In *Harold*, the plaintiff sought to bring an FDCPA claim premised on alleged false

---

Minnesota legal system to execute on Cottonwood's judgment against Kobilka. Rather, they were using the Wisconsin legal system to extract a portion of Kobilka's wages from a garnishee named in the subsequent state court garnishment action.

7

statements made in a state court garnishment proceeding. *Id.* at 885. The court rejected plaintiff's argument that the injury was caused by false statements, not the proceeding, reasoning that "[n]o injury occurred until the state judge ruled against Harold." *Id.* at 886. As the Seventh Circuit held, the relief Harold sought was inextricably intertwined with the state-court garnishment action.[7]

While the Indiana garnishment process may differ from the Wisconsin process, plaintiff's complaint boils down to an assertion that defendant "engag[ed]" the "Wisconsin legal process - in the form of Wisconsin garnishment documents." (Compl. (dkt. #1) ¶ 45; *see also id.* at ¶ 44 ("Defendant[s] . . . prepared filed, and subsequently served the various Wisconsin garnishment documents on Plaintiff's Minnesota employer.").) Plaintiff's avenue of relief, therefore, lies in state court, not in a federal court action challenging defendants' request for a garnishment notice and the state court's action of issuing the requisite forms listing an out-of-state employer. See Wis. Stat. § 812.37(1) (describing rights of debtor to "assert any defense to the earnings garnishment, by completing the answer form and delivering or mailing to the garnishee"). The fact that plaintiff failed to avail herself of those rights in state court does not create jurisdiction in federal court for her to revisit them. *See Levin Attorney Registration & Disciplinary Comm'n of the Supreme Court of Ill.*, 74 F.3d 763, 766 (7th Cir. 1996) ("The claims raised in district court need not have been argued in the state judicial proceeding

---

[7] In *Harold*, the court also considered, but did not definitely decide, whether *Rooker-Feldman* applies to interlocutory orders because the Indiana garnishment order was a final, appealable decision. Under Wisconsin law, a garnishment order is similarly appealable. *Citicorp Credit Services, Inc. v. Justmann*, No. 96-0133, 1997 WL 370205, at *3 (Wis. Ct. App. 1997).

for them to be barred by the *Rooker-Feldman* doctrine."). Because the alleged injury plaintiff seeks to redress in this lawsuit was caused by the state court garnishment proceeding -- or is, at least, inextricably intertwined with that proceeding -- this court lacks subject matter jurisdiction over the action.[8]

ORDER

IT IS ORDERED that:

1) Defendants Cottonwood Financial Wisconsin, LLC, and Kohn Law Firm, SC's motion to dismiss (dkt. #3) is GRANTED. Plaintiff's action is dismissed without prejudice.

2) The clerk of court is directed to close this case.

Entered this 12th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[8] The court will dismiss plaintiff's claims without prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("The Rooker–Feldman doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render.").